IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ANGEL SANCHEZ,<br><br>      Plaintiff,<br><br>v.<br><br>COMPLETE SOD SOLUTION, INC. and<br>JESUS OCHOA<br><br>      Defendants. | Case No. 8:23-cv-00247-CEH-JSS |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Angel Sanchez and Defendants, Complete Sod Solution, Inc. and Jesus Ochoa, through their respective undersigned counsel, jointly move this Honorable Court to approve the settlement reached by the Parties of the Fair Labor Standards Act claims in this case, and in support thereof state as follows:

1.      An FLSA case may only be settled only with the approval of the Court or the Department of Labor. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

2.      In a suit brought by employees under the FLSA, the Court must assess whether the settlement proposed by the parties "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

3.      The Court may factors such as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra*

*Plumbing, Inc.*, No 10-60322-CIV, 2010 U.S. Dist. LEXIS 118489, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010).

4. Finally, the FLSA requires a review of counsel's legal fees to ensure that counsel is compensated adequately, and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

5. For the reasons discussed below, Plaintiff requests approval of his settlement with Defendants.

6. Plaintiff has alleged unpaid wages of $14,169.50, and the settlement is for $10,000.00. This represents a total recovery of approximately 70% of the unpaid wages. Plaintiff is recovering $5,460.04. Counsel for Plaintiff is recovering $4,005.96 in fees and $534.00 in costs ($402 case filing fee, and $132.00 in service of process fees). A copy of the settlement is attached as **Exhibit A**.

7. For the reasons discussed below, Plaintiff asserts that the settlement is fair and reasonable, and that it should be approved.

8. Counsel for the parties engaged in prolonged settlement talks between March 1, 2023 and June 20, 2023, whereby multiple demands and counters were exchanged. There has been no fraud or collusion between the Parties, and Plaintiff has been advised of all of his rights.

9. As for Plaintiff's counsel's fee, as noted above, the total attorney's fee is $4,005.96, or a 40% contingency fee of the total recovery. It is Plaintiff's counsel's position that this fee is reasonable in light of the work expended. Plaintiff's counsel spent approximately two hours, interviewing plaintiff, drafting the complaint, and related filings. Since filing, Plaintiff's counsel has dedicated an additional eleven hours to this matter, which consisted of client communications, communications with opposing counsel, reviewing court documents and filings, drafting and

revising court mandated written discovery, Status Report and Notice of Settlement, Consent to Magistrate, Settlement Agreement, and drafting of this Motion.

10.     Plaintiff's counsel has been practicing for twenty-one years, and he typically bills out for hourly matters of this caliber at $400 per hour, which would put the hourly fee equivalent for this matter at $5,200.00.

11.     In light of these figures, Counsel's fee of $4,005.96 should be deemed reasonable.

WHEREFORE, Plaintiff, Angel Sanchez, and Defendants, Complete Sod Solution, Inc. and Jesus Ochoa respectfully request that the Court enter an Order granting this Motion and approve the Parties Settlement Agreement attached hereto, and granting such further relief as the Court deems appropriate.

| FOR THE PLAINTIFF: | FOR THE DEFENDANT: |
|---|---|
| /s/Daniel I. Schlade | /s/Rashida L. Willhoit |
| Daniel I. Schlade (1034991)<br>Justicia Laboral, LLC<br>6232 N. Pulaski, #300<br>Chicago, IL 60646<br>773-942-9415<br>Email: dschlade@justicialaboral.com | Rashida L. Willhoit, Esq. (93582)<br>Gegan Law Office<br>1005 N. Marion Street<br>Tampa, FL 33602<br>813-248-8900<br>Email:rashida.willhoit@geganpffice.com |