UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGEL SANCHEZ,

    Plaintiff,

v.                                                         Case No: 8:23-cv-247-JSS

COMPLETE SOD SOLUTION, INC.
and JESUS OCHOA,

    Defendants.
_____/

## ORDER

The parties move for approval of their settlement. (Dkt. 20.) On February 6, 2023, Plaintiff filed his Complaint against Defendants for alleged unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. (Dkt. 1.) On June 22, 2023, the parties filed their Motion and attached the Settlement Agreement and Release (Settlement Agreement) for the court's review. (Dkts. 20, 20-1.) Upon consideration, and after reviewing the Motion (Dkt. 20) and Settlement Agreement (Dkt. 20-1), the Settlement Agreement is approved and the case is dismissed with prejudice.

## APPLICABLE STANDARDS

Claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the

district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Therefore, in any FLSA case, the court must review the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. When evaluating whether a compromise is fair and reasonable, the court may consider: (1) whether the terms of the settlement were fully and adequately disclosed; (2) the parties' justification for reaching a settlement and compromising the plaintiff's claims; and (3) whether attorneys' fees were agreed upon separately and without regard to the amount paid to the plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## ANALYSIS

This case involves disputed issues of liability and damages under the FLSA, which constitutes a bona fide dispute. (Dkt. 20-1 at 1.) Plaintiff alleges that during his employment with Defendants, he did not receive the required compensation for overtime hours to which he was entitled. (Dkt. 1 ¶¶ 11, 13–19.) Defendants dispute these allegations. (Dkt. 20-1 at 1.) As such, the court finds there to be a bona fide dispute.

Under the proposed Settlement Agreement, Defendants have agreed to pay Plaintiff $10,000, which represents $4,460.04 as payment for alleged unpaid overtime

compensation, $1,000 as payment for the release of any remaining potential claims, and $4,539.96 for his attorney's fees and costs. (Dkt. 20-1 ¶ 1(a).)

In FLSA cases, the court is required to review the reasonableness of counsel's fee to assure that counsel is compensated adequately and that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). However, if the matter of fees is addressed separately and independently from the plaintiff's recovery and the settlement appears fair, then the court may approve the settlement without separately considering the reasonableness of counsel's fees. *Bonetti*, 715 F. Supp. 2d at 1228; *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-1401-T-33JSS, 2015 WL 4478138, at *2 (M.D. Fla. July 21, 2015) (applying the reasoning in *Bonetti*); *Thede v. B&D Waterblasting Co.*, No. 6:15-cv-33-Orl-28GJK, 2015 WL 4590593, at *3 (M.D. Fla. July 28, 2015) (same).

Under the circumstances, the court finds the agreed-upon attorney's fees and costs to be reasonable. The parties agree that the amount to be paid to Plaintiff's counsel is fair and reasonable and was negotiated separately from Plaintiff's recovery. (Dkt. 20 at 2–3, Dkt. 20-1 ¶ 2(b).) This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to Plaintiff's counsel. *Bonetti*, 715 F. Supp. 2d at 1228. The court, having

reviewed the Settlement Agreement, concludes that the monetary terms of the proposed settlement are fair and reasonable.

The parties included a general release in the Settlement Agreement. (Dkt. 20-1 ¶ 5.) General releases in FLSA cases require additional judicial scrutiny to ensure that the release is not a pervasive release "in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). However, if a plaintiff is given compensation in addition to that to which he or she is entitled under the FLSA, then general releases can be permissible. *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-00079-ORL-37TBS, 2014 WL 4385593, at *1, 4 (M.D. Fla. Sept. 4, 2014). Here, the general release is supported by separate consideration in the amount of $1,000. (Dkt. 20-1 ¶ 1(a).) Therefore, the court finds that the general release is permissible. *See Ramos v. Acute Patient Care, Inc.*, No. 6:16-cv1437-Orl-40GJK, 2017 WL 1379825, at *5 (M.D. Fla. Apr. 6, 2017), *report and recommendation adopted,* 2017 WL 1365642 (M.D. Fla. Apr. 14, 2017); *Seda v. All Florida Appliance & AC, Inc.*, No. 8:15-cv-00311-T-36MAP, 2015 WL 3652833, at *1 (M.D. Fla. June 11, 2015); *Middleton v. Sonic Brands L.L.C.*, No. 6:13-cv-386-Orl-18, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013).

The parties proposed Settlement Agreement also contains a non-disparagement clause. (Dkt. 20-1 ¶ 6.) "Courts within this circuit routinely reject . . . non-

disparagement clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA." *Ramnaraine v. Super Transp. of Fla.*, LLC, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) (quoting *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014)). Notwithstanding this line of cases, however, other courts have approved non-cash concessions such as non-disparagement clauses in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014).

Here, while Plaintiff is not receiving separate consideration in exchange for the non-disparagement provision, Plaintiff is receiving a neutral employment reference in which Defendants will provide the requesting entity with his dates of employment. (Dkt. 20-1 ¶ 6.) Additionally, the non-disparagement provision is mutually beneficial to the parties. (*Id.*) Therefore, the court finds the non-disparagement provision permissible. *See Bell*, 2016 WL 5339706, at *3.

Accordingly:

1. The Joint Motion to Approve Settlement (Dkt. 20) is **GRANTED**.

2. The Settlement Agreement (Dkt. 20-1) is **APPROVED**.

3. The action is **DISMISSED** with prejudice.

4. The Clerk is directed to terminate any pending motions and close the case.

**ORDERED** in Tampa, Florida, on June 28, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record